**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DONALD M. GINDY, SB# 45228
E-Mail: dgindy@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff,
VBCONVERSIONS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WEST REGION

| | |
|---|---|
| VBCONVERSIONS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SANTOSH DONKA, AN INDIVIDUAL; WASTE MANAGEMENT, INC., A DELAWARE CORPORATION; DOES 1-10, INCLUSIVE,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**4. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, §1201(a);**<br>**5. REQUEST FOR INJUNCTIVE RELIEF.**<br><br>*Demand for jury trial* |

COMES NOW, Plaintiff, VBConversions LLC, a California limited liability company, which alleges that Defendants Waste Management, Inc., a Delaware corporation, Santosh Donka, an individual, are liable to it for copyright infringement, contributory copyright infringement, vicarious copyright infringement and violation of the Digital Millennium Copyright Act, §1201(a) in connection with Plaintiffs copyrighted software entitled VB.Net to C# Converter. ("C#" is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5400-5784.1

1   pronounced "C Sharp".) This action is based upon a federal question and seeks

2   damages and injunctive relief upon Defendants' unauthorized access, copying and

3   usage of Plaintiff's copyrighted software.

4

5   **JURISDICTION AND VENUE**

6   1.      This action arises under the Copyright Act of the United States 17

7   U.S.C. §101 and §501, et seq. and the Digital Millennium Copyright Act, 17 U.S.C.

8   §1201(a). This Court has jurisdiction over the subject matter of this action pursuant

9

10  to 28 U.S.C. §1338(a). Jurisdiction is further founded upon the Defendants'

11  acceptance of a licensing agreement in connection with use of VB.Net to C#

12  Converter, whereby the parties agree to subject themselves to the personal

13

14  jurisdiction of the courts of the State of California.

15  2.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) &

16

17  §1400(a). Venue is also proper as the result the Defendants' acceptance of the

18  above-mentioned licensing agreement's forum-selection clause which designates the

19  County of Los Angeles, State of California, as the location for hearing any dispute

20

21  arising in relation to use of the program. (See *Atlantic Marine Construction*

22  *Company v. United States District Court for the Western District of Texas,* 571 U.S.

23  --  (Dec. 3, 2013))

24

25  ////////////////////////////

26  ////////////////////////////

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2
COMPLAINT
4847-5400-5784.1

**PARTIES**

3.      VBConversions LLC (hereinafter "VBC") is a California limited liability company, with its principal place of business located in Santa Monica, California. VBC is a software developer and engages in the licensing of its software products on the Internet.

4.      Plaintiff is informed and believes and thereon alleges that Waste Management, Inc. ("WMI") is a Delaware corporation, with its principal place of business located at 1001 Fanin, Suite 4000, Houston, TX 77002. On information and belief, Plaintiff alleges that WMI is North America's largest collector of waste products for disposal.

5.      Plaintiff is informed and believes and thereon alleges that all relevant times, Santosh Donka, was an employee of WMI acting within the course of his employment as a computer programmer.

6.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants, and each of them, have engaged in and continue to engage in the purchase and/or sale of goods and services within the County of Los Angeles, State of California and have generally directed their activities at California.

7.      Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5400-5784.1

1   ascertained. Plaintiff is informed and believes and thereon alleges that all of the

2   Defendants, known and unknown, are in some manner responsible for the wrongs

3   alleged herein and that at all times mentioned herein were the agents and servants or

4

5   joint venturers/ partners-in-concert of the other Defendants, and acted within the

6   course and scope of said agency and employment or within the parameter of their

7   agreement.

8

9        8.    Plaintiff is informed and believes and thereon alleges that at all times

10   relevant hereto, Defendants and DOES 1-10, inclusive, knew or reasonably should

11   have known of the acts and behavior alleged herein and the damages caused thereby,

12

13   and by their inaction ratified and encouraged such acts and behavior.

14        **GENERAL ALLEGATIONS**

15        **Background**

16        9.    Visual Basic (VB) is a computer programming language developed and

17   sold by Microsoft Corporation since as early as 1991. Historically, it has been

18

19   among the most popular programming languages for use in business programming

20   and has long had one of the largest user bases of any programming language. There

21   is, therefore, a vast amount of software that has been developed over the years in

22

23   VB. Many of these VB programs are of significant complexity and size.

24        10.   In or around 2001, Microsoft Corporation introduced an "evolved"

25   version of Visual Basic called Visual Basic .Net (VBN) oriented towards modern,

26

27   Internet programming tasks.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4

11.   Since 2000, however, the language C#, also developed by Microsoft Corporation (but adopted as an international standard) has taken the place of VB for much business programming, particularly that oriented toward the Internet. C# is intended to be a simple, modern, general-purpose, programming language. The language is intended for use in developing software components suitable for deployment in many different environments. For instance, while VB and VBN are largely limited to the Windows operating system, C# compilers exist for most major computer operating systems, including Mac OS, Linux, Windows, Solaris, etc. C# is suitable for writing applications for both hosted and embedded systems.

**The Copyrighted Software**

12.   Because of the large body of legacy software existing in VB and VBN, companies seeking to modernize their software often find that it is most practical to undertake a process of converting their existing VBNBN code to C#. Paying a programmer to make the conversion line-by-line by hand can be extremely costly.

13.   In particular, Plaintiff is informed and believes and thereon alleges that a skilled computer programmer having substantial familiarity with both VB/VBN and C# and working purely by hand, could, at best, convert 100 lines per hour from VB/VBN to C#.

14.   In light of this challenge, plaintiff has developed the Program, VB.Net to C# Converter, to automate the conversion process.  The program is designed to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5400-5784.1                          COMPLAINT

enable converting from VB to C# at a significantly lower cost and much more rapidly.

15.     Version 2.0, of VB.Net to C# Converter ("the Copyrighted Software.") was registered with the Register of Copyrights in 2006, and was assigned registration TX 0006425720. A true and correct copy of the registration certificate is attached hereto as *Exhibit* "A," and is incorporated by reference. On September 1, 2010, the original author of the Copyrighted Software conveyed and granted to all of his right, title and interest in and accrued causes of action to VBConversions LLC. A copy of the assignment is attached hereto and incorporated by reference as *Exhibit* "B." Moreover, the Assignment was registered with the Registrar of Copyrights on March 14, 2011 and given the registration number of TX0007317237. A copy of the registration is attached hereto as *Exhibit* "C."

**The Licensing of the Copyrighted Software**

16.     VBC licenses the Copyrighted Software online at the Internet web site vbconversions.com.

17.     When the Copyrighted Software is downloaded and run, the user must affirm an End User Licensing Agreement ("EULA") before the program can be used. A true and correct copy of the EULA is attached hereto as *Exhibit* "D," and is incorporated by reference.

18.     In spite of the complexity of the system, the Copyrighted Software is licensed under extremely reasonable terms. VBC employs the so-called shareware

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

model, whereby an interested user is permitted to download a time and line limited version of the Copyrighted Software in order to test it to see if it is suitable for his or her needs.

19.     As initially downloaded, the Copyrighted Software may be used for up to fifteen (15) days. When this time limit is reached, the Copyrighted Software is disabled and ceases to function. Further, before it is unlocked, the Copyrighted Software will only function to convert VB/VBN projects consisting of up to two-thousand (2,000) lines of code. It will not process larger projects. (Shareware programs offered in such time or function limited forms are often referred to as "trialware" or "demoware.") (See *37 C.F.R. § 201.26*)

20.     If the user is satisfied with the Copyrighted Software and wishes to continue to use it beyond the time and scope limitations applied to free use, the EULA requires the user to apply for a full-use license by paying the standard market fee. At that point, the user is provided an "unlock code" (or key) that removes the restrictions in the Copyrighted Software.

**Cracking and Warez Sites and Unlicensed Use**

21.     Unfortunately, a broad array of so-called "cracking sites" have appeared on the internet that are capable of generating and providing users with unauthorized unlock codes for the Copyrighted Software and many other programs offered in the trialware/demoware model. These sites supply the decryption of

registration keys to developers' software and enable fraudulent registration codes to be used in order to gain unlicensed unlimited access to the subject program.

22.   A similar number of so-called "warez sites" have sprung up offering already-cracked copies of copyrighted programs for download and use.

23.   Despite its best efforts, VBC has not been able to stem the tide of unscrupulous users who have used these means to gain unauthorized, unlicensed and unlimited access to the Copyrighted Software.

24.   Such users have used the Copyrighted Software without license (and without any payment to VBC) to quickly convert vast amounts of VB/VBN code to the more modern and desirable C#. Such users thereby obtain significant financial benefit through their illicit, unlicensed infringing use.

**Collection of Information Concerning Infringement**

25.   In self-defense, VBC has adopted a tracking system whereby the Copyrighted Software reports its use to VBC's servers and to servers maintained by a third-party registration-tracking company, Hitek Software LLC of Goleta, CA ("Hitek").

26.   VBC is, thereby, able to identify the date and time of the unlicensed use, the public and private IP address of the computer on which the unlicensed use occurs, the false key used to unlock the software, the identity of the user of that computer, the owner or organization responsible for operating the computer, and other data which is integral to proof of infringement.

27.     The collection of this usage data by the Copyrighted Software and its transmission to VBC and Hitek is acknowledged and affirmed by the user as part of the EULA when the Copyrighted Software is first used.

## SPECIFIC ALLEGATIONS OF DEFENDANTS' INFRINGEMENT

28.     Plaintiff has collected information demonstrating that Defendants have used the Copyrighted Software with a fraudulent unlock code to generate more than Eighty Five Thousand(85,000) lines of C# code.

29.     The Program proves its invaluable nature to programmers in the following manner. Even if a programmer could sustain a 100-line per hour manual translation rate over a long period, plaintiff alleges it would take more than 850 programmer hours to accomplish such a conversion.  The average worker at 40 hours per week would accumulate about 2,000 hours per year (with a two week vacation).  Thus, it would require more than four months to do the same task, starting from scratch, that plaintiff's program can accomplish in a matter of minutes or hours.

30.     The specific information related to the unlicensed infringing use is set forth below.

### The Group of Infringements

31.     The actual dates and times of infringement are, as follows:

a.) On January 30, 2011, at 12:36 a.m., it was detected that the user, "sdonka," had registered to use the Program by illegally introducing a fraudulent

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

key to unlock the software on January 28, 2011, at 5:10 p.m. The key is noted as: A7621-J22H2-64951-E789G-WPH22. This key was not issued by VBC to WMI or Donka. The key was used on a computer known as TXHOUS10PC498.

b.) The Public Internet Protocol (IP) address for this computer is 98.200.165.238; the Private IP is 192.168.1.20.  The American Registry of Internet Numbers (ARIN) reports that Comcast is the Internet Service Provider also located in Houston, TX.

c.) VBC requires a user to personally supply Registration Name, Registration Organization and Registration E-mail.  The purpose is to positively identify the user, his employer and his email address.  Here the user only supplied his name, i.e., "santh."  Organization and email are called "test." However, the name seemingly corresponds to the user's name of Santosh Donka. A LinkedIn page taken from the Internet discloses that Santosh Donka worked for Waste Management, Inc., from July 2010 through April 2012, encompassing the date January 30, 2011 reflected above. Donka identifies himself as a "Sr.(Senior) C#.Net Application Analyst."

d.) Finally, the data recorded by plaintiff discloses that the owner and organization to which this particular computer belongs is defendant Waste Management, Inc.

e.) On January 28, 2011, it was also disclosed the user, "sdonka," had unlawfully converted Visual Basic programming into 85,390 lines of C# by reason

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

of his use of the Program.  The identity of the vb project to which the conversion was dedicated was called EMAP.

32.     In each instance mentioned above, the user illegally reproduced and adapted the software for the benefit of his employer.  The keys were not issued by VBC to the defendants.  They are unauthorized codes whose sole purpose is to decrypt developer's software and unlock programs to unlimited use without the knowledge or consent of plaintiff.

33.     Plaintiff believes "sdonka" and "santh" is actually defendant Santosh Donka. This defendant entered three elements of identity as required by VBC.  That is, Mr. Donka himself entered the Registration Name – "*santh;*" Registration Organization – "*test;* " and, Registration email – "*test@gmail.com.*"  It appears that Mr. Donka was attempting to disguise his usage of the software and knew his actions were unlawful.

34.     As mentioned, the total of all lines illegally converted amounts to 85,390.  To place this number of C# lines in perspective, it is said that the number of C# lines is roughly equivalent to 2% if the same were in text. The equivalence approximates 1,707 pages of text. Or, if the average book consists of 200 pages, it would require more than 8 books piled atop one another to equal the number of lines converted.  Copies of Proof of Illegal Usage are attached hereto and incorporated by reference as *Exhibit* "E."

4847-5400-5784.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FIRST CLAIM FOR RELIEF:** *Violation of 17 U.S.C. 106(1) & 501, et seq., Copyright Infringement.*

35.     Plaintiff incorporates by reference paragraphs 1 through 34 as if the same were set forth fully herein.

36.     Plaintiff is informed and believes and thereon alleges that the computer involved in this illegal conversion was under the care, custody and control of Defendants at all times. The user directed a false key at Plaintiff's servers in California, bypassed the legitimate code issued to purchasers, gained unauthorized access to the copyrighted material, reproduced Plaintiff's program, adapted and created derivative works beneficial to their employer.

37.     Assuming that the average programmer earns approximately $100.00 per hour (including benefits) doing conversion work, the saved costs and expenses avoided by Defendants as the result of unauthorized access, copying and usage amount to approximately $85,000.00.

38.     Plaintiff alleges that the full amount of Actual Damages, including profit attributable to the infringement, is unknown to Plaintiff at this time, but accordingly to proof at time of trial. Plaintiff does allege that Statutory Damages are at least $150,000.00. The acts of Defendants, and each of them, involve the use of a fraudulent code in order to bypass Plaintiff's genuine codes issued to legitimate purchasers. The infringers knew or had reason to know they were violating plaintiff's Exclusive Rights under the Copyright Act (At *17 U.S.C. §106(1&2)*).

4847-5400-5784.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Accordingly, then, the acts complained of were willful and deliberate and qualify for

2    the maximum allowed by law. (At *17 U.S.C. §504(c)(2)*).

3        **SECOND CLAIM FOR RELIEF:** *Vicarious Copyright Infringement.*

4

5        39.    Plaintiff incorporates by reference paragraphs 1 through 38, inclusive,

6    as if the same were set forth fully herein.

7        40.    Plaintiff is informed and believes and thereon alleges that at all times

8

9    relevant to the action complained of herein, WMI had the right and ability to

10   oversee, govern, control and direct its employees actions, including, but not limited

11   to, causing the cessation of adverse conduct in which its employee was engaged.

12

13   Yet, despite this ability, Defendants failed and continued to fail to enforce rules of

14   conduct upon its employees, which led to the substantial number of lines wrongfully

15   converted. In particular, the Defendants failed to take decisive action to prevent

16

17   continuing unauthorized access, copying and adaptation of Plaintiff's copyrighted

18   software.

19       41.    Plaintiff further alleges that as a proximate result of Defendants'

20

21   conduct Defendants have profited in an amount and in a manner that would not have

22   taken place, but for the purloining of Plaintiff's copyrighted software by its

23   employees. Accordingly, Defendants have gained a direct financial benefit to which

24

25   they are not entitled.

26       42.    Under the circumstances outlined above, Defendants are liable to

27   Plaintiff for Statutory Damages as a willful vicarious copyright infringer in the

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

amount of $150,000.00. Defendants are also liable for Actual Damages in an amount unknown at this time, but according to proof at time of trial.

**THIRD CLAIM FOR RELIEF**: *Contributory Copyright Infringement*.

43.     Plaintiff incorporates by reference paragraphs 1 through 42, inclusive, as if the same were set forth fully herein.

44.     By virtue of its position as employer, Defendant WMI knew or had reason to know that its employee, Donka, had gained unauthorized access to Plaintiff's copyrighted programs and was using same for the benefit of WMI by copying and adapting the accessed copyrighted material and which he knew violated Plaintiff's Exclusive Rights of copyright. The direct infringer's knowledge is inferred from their use of a fraudulent code to unlock the software to unlimited use.

45.     By engaging in such conduct, defendants, and each of them, exceeded the scope of the very limited license granted to them for use in the Trial version of the software and were transformed into copyright infringers.

46.     Furthermore, Plaintiff is informed and believes that Defendants aided the actions of its employee and materially contributed therein by supplying the data and equipment necessary to encourage, urge and persuade, and induce the usage of Plaintiff's intellectual property, in particular, by supplying computers, a router and a virtual private network through which each and every instance of infringement alleged herein has traveled and been directed to Plaintiff's software.

COMPLAINT
4847-5400-5784.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

47.    Defendants, and each of them, are liable to Plaintiff by reason of the employer/employee relationship for Actual Damages of a sum unknown at this time, but for all profits attributable to the infringements, according to proof at the time of trial. In the alternative, Defendants are liable for Statutory Damages of $150,000.00, as and for the willful and intentional infringement and unauthorized access, copying and usage of Plaintiff's copyrighted programs.

**FOURTH CLAIM FOR RELIEF**: *Violation of the Digital Millennium Copyright Act (17 U.S.C. §1201(a).)*

48.    Plaintiff repeats and re-alleges paragraphs 1 through 47, as if the same were set forth fully herein.

49.    At all times mentioned herein, Plaintiff has in force a 25 digit alphanumeric code designed to control access to his copyrighted software. It is only when a legitimate purchaser affirms the terms and conditions of the End User Licensing Agreement (EULA) and pays the standard market fee that access to the licensed product is permitted for an unlimited time. When adherence is satisfied Plaintiff will issue to the licensee a non-exclusive, non-transferable license and provide legitimate code enabling access to the copyrighted programs.

50.    The code is intended as a technological measure for the purpose of protecting its proprietary program. To gain access requires knowledge of the 25 digits issued by Plaintiff. It is intended to exclude those who seek to circumvent the code and gain unauthorized access.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

51.     Defendants circumvented this technological access-control measure to obtain unlicensed access to the Copyrighted Software.

52.     The true number of acts of circumvention is unknown at this time, but according to proof at time of trial.

53.     As a consequence of Defendants' unlawful and unauthorized circumvention of Plaintiff's measures, Plaintiff has sustained damages as previously set forth herein.

54.     The use of a circumvention device to gain access is an intentional and knowledgeable act by the Defendants. It is therefore willful and subjects Defendants' liable for the maximum allowed for Statutory Damages, per act of circumvention. Alternatively, Plaintiff is entitled to Actual Damages for profits attributable to the acts of circumvention per 17 U.S.C. §1203(c)(2), according to proof at time of trial. Said damages are *in addition* to that awarded for copyright infringement.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court issue the following:

A.     Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefiting from Plaintiff's copyrighted application software identified above without the express written approval of Plaintiff or his delegate;

B.     Defendants be ordered to identify, preserve, set aside and retain any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5400-5784.1                              COMPLAINT

and all source code used by them in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:

(i)    All electronically stored information which contains any portion of Plaintiff's copyrighted program;

(ii)    All writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner Plaintiff's program, except to those items based on privilege.

C.    Pay Plaintiff all damages sustained by him as the result of their unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at Plaintiff's expense. In particular, Plaintiff demands compensation of at least $150,000.00 as and for Statutory Damages under The Copyright Act or Actual Damages for profits attributable to the infringement, both direct and indirect, according to law.

D.    Plaintiff demands compensation for violation of the applicable section of the Digital Millennium Copyright Act, §1201(a), et seq., according to proof, over and above those damages recited under the Copyright Act of 1976;

E.    Trial by jury.

F.    All costs of litigation, including costs of suit, reasonable attorney fees and interest, since the date of infringement, at legal rates.

G.    Such other and further relief as the Court deems just under the circumstances.

4847-5400-5784.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Dated: January 21, 2014

2                                LEWIS BRISBOIS BISGAARD & SMITH LLP

3                                By: _____

4                                    Donald M. Gindy
                                     Attorneys for Plaintiff
5                                    VBConversions LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

COMPLAINT

4847-5400-5784.1